SKOWHEGAN SAVINGS BANK

*vs.*

SAMUEL A. PARSONS, and another.

Somerset.    Opinion August 10, 1894.

*Deed.    Tax-Title.  · Assessment.    Notice.    Description.*
*R. S., c. 6, § § 70, 71, 73, 76.*

To obtain a forfeiture of land for unpaid taxes, the provisions of the statute to that end must be strictly complied with.

In a sale of land for the non-payment of taxes, the following defects, *held*, fatally defective:

    (1.)   Want of copy of record of the State treasurer's doings.

    (2.)   Failure in the deed to show for what year the taxes were assessed.

(3.) Failure to show whether the taxes were assessed by the county commissioners, as provided by R. S., c. 6, § 70; or by the Legislature, as provided in § 71.

(4.) Failure to prove that the notice of sale was published in a newspaper printed in the county in which the land lies, as required in § 73; nor when, or in what paper it was published.

The following description, *held*, imperfect: " 9098 acres in 2 R. 2 W. K. R. Highland;" "12093 acres in 2 R. 2 W. K. R."

ON EXCEPTIONS.

This was an action of trespass, *q. c.* in which the defendants justified under two deeds of the *locus* from the State treasurer upon a sale for the non-payment of taxes to Oliver Moulton, one of the defendants. The action was referred to referees, who made a report in the alternative based upon the validity of the deeds, and in their report referred the decision of that question to the court.

The presiding justice found and held, as matter of law, that the deeds were insufficient to pass the title to the *locus in quo* to said Moulton, under whose directions the trespass was committed, and therefore no defense to the action.

To this ruling the defendants excepted.

*Walton and Walton,* for plaintiff.
*J. J. Parlin and S. S. Brown,* for defendants.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, STROUT, JJ.

STROUT, J. By the alternative award in this case, the referees submit to the court the question whether the two tax deeds from George L. Beal, State Treasurer, to Oliver Moulton, one of defendants, conveyed to Moulton title to the land described in plaintiff's writ. To obtain forfeiture of land for unpaid taxes, the provisions of the statute to that end must be strictly complied with.

The Revised Statutes, c. 6, § 76, provides that the treasurer of state shall record his doings in every sale of land forfeited for non-payment of taxes, "and a certified copy of such record shall be *prima facie* evidence in any court of the facts therein set forth." The case does not show any such copy of the

record. The recitals in the deeds are not evidence of the facts. *Phillips* v. *Sherman*, 61 Maine, 551; *Libby* v. *Mayberry*, 80 Maine, 138. If they were, there is nothing in the deeds to show for what year the taxes were assessed, nor whether the taxes were assessed by the county commissioners, as provided in section 70, of the same chapter, or by the legislature, as provided in section 71, nor that the notice of sale was published in a newspaper "printed" in the county in which the lands lie, as required by section 73, nor when, or in what paper it was published. These are fatal defects. *Ladd* v. *Dickey*, 84 Maine, 194.

The description in one of the deeds is "9098 acres in 2 R. 2 W. K. R. Highland," and in the other, "12093 acres in 2 R. 2 W. K. R." Where is this land? What do these figures and initials mean? There is nothing in the case to explain their meaning. Such description is insufficient to convey title. *Griffin* v. *Creppin*, 60 Maine, 270.

The declaration in the writ describes the land, on which the trespass is alleged to have been committed as, "a certain parcel of land situated in township numbered two in the second range west of Kennebec river, in Bingham's Kennebec Purchase," and then follows a description by metes and bounds, "containing about five thousand acres." If the land described in the treasurer's deeds to Moulton were conceded to be in township 2, it by no means can be assumed, without evidence, that the plaintiff's five thousand acres are included in the 9098 acres in one deed, or the 12093 acres in the other deed. For aught that appears in the case, plaintiff's land may be a part of said township, and the lands described in the treasurer's deeds another and a different part. As the defendants justified under the treasurer's deeds, the burden of proof was on them to show title under their deeds to the land described in plaintiff's writ. This they have failed to do. It follows that the award of the referees in favor of the plaintiff must stand.

*Exceptions overruled.*